**DLD-231**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2403
_____

EUGENE E. CHATMAN,
Appellant

v.

THE CITY OF PITTSBURGH;
OFFICER HIROS; OFFICER FREEMAN;
LEGACY APARTMENTS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-0638)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 8, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: July 15, 2011)
_____

OPINION
_____

PER CURIAM

     Pro se appellant Eugene Chatman appeals the District Court's order dismissing his

complaint under 28 U.S.C. § 1915(e).  We have jurisdiction pursuant to 28 U.S.C. § 1291

and exercise plenary review over the District Court's order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  For the reasons discussed below, we will summarily vacate the District Court's order and remand for further proceedings.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On May 13, 2011, Chatman filed a handwritten pro se complaint along with a motion to proceed in forma pauperis.  Although the complaint is exceedingly terse, it focuses on three events that may or may not be related:  (1) a rent dispute with his landlord, Legacy Apartments; (2) an incident where the police handcuffed him and brought him to the county jail; and (3) an incident where the police handcuffed him and escorted him to his apartment.  Chatman has not identified either the defendants that he seeks to sue or the causes of action that he seeks to raise.

The District Court dismissed the complaint as frivolous under § 1915(e).  The Court did not provide Chatman with an opportunity to amend because it concluded that Chatman's claims were barred by the Rooker-Feldman doctrine.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  Chatman then filed this appeal.

We agree with the District Court that, as drafted, the complaint fails to state a claim on which relief may be granted.  To avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint "must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is

2

contemplated by [Fed. R. Civ. P. 8].'" Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). Here, as the District Court held, Chatman's complaint fails to satisfy these standards. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (explaining that a complaint may be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotation marks omitted)).

Nevertheless, prior to dismissing a pro se complaint under § 1915(e), a district court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be futile or prejudicial. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The District Court concluded that any amendment would be futile because Chatman's claims would inevitably be barred by the Rooker-Feldman doctrine. While we agree that that doctrine may be applicable insofar as Chatman seeks damages for harm allegedly caused by an adverse state-court judgment, it appears that he may also be seeking to present claims that are beyond the doctrine's scope. See generally Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (discussing the contours of the doctrine and stressing that Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), rejected an "expansive application"). Thus, while we express no view as to whether Chatman will ultimately plead a meritorious claim, we conclude that the District Court erred in dismissing the complaint without providing leave to amend.

3

We will thus summarily vacate the District Court's order dismissing the case and remand for further proceedings consistent with this opinion.